J-A25029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JUSTIN R. LEWIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| UPMC HEALTH PLAN, INC. | : | |
| | : | |
| Appellant | : | No. 1089 WDA 2022 |

Appeal from the Judgment Entered September 1, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  A.R. No. 20-3849

BEFORE:   BOWES, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED: February 23, 2024**

In this insurance-coverage dispute, Defendant, UPMC Health Plan, Inc., appeals from the judgment of $5,000 entered in favor of Justin R. Lewis, Esq.[1] Because UPMC did not preserve its appellate issues, we dismiss those issues as waived and affirm.

As our decision rests on procedural grounds, we only briefly discuss the facts.  Mr. Lewis had a health-insurance policy with UPMC but not dental coverage.  Nonetheless, his policy explicitly covered oral surgeries that were "determined to be medically necessary."  Mr. Lewis's Trial Ex. A at 17.

In May of 2020, a periodontist determined that Mr. Lewis needed oral surgery for a gum recession and sent a preauthorization-coverage-request

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Attorney Lewis proceeded *pro se* before the trial court, and he filed a cross-appeal, which this Court originally consolidated with this appeal by UPMC. Thereafter, Mr. Lewis elected not to file a brief, and this Court dismissed his cross-appeal on that basis.  ***See*** Superior Court Order, 9/15/23 (filed at 1505 WDA 2022).

form to UPMC. UPMC refused to process the form, because the periodontist had used a dental code for the oral surgery, as opposed to a medical code. If the periodontist had used the medical code, UPMC would have processed the form. *See* N.T., 6/1/22, at 47. When the periodontist informed Mr. Lewis that UPMC had not agreed to cover the oral surgery, Mr. Lewis underwent the procedure anyway in August of 2020; paid the $5,000 bill himself; and sued UPMC.

The matter proceeded to a bench trial.[2] The court found UPMC in breach of the insurance policy and held that equity promissorily estopped UPMC from denying Mr. Lewis's claim. The trial court ordered UPMC to reimburse Mr. Lewis the $5,000.

UPMC filed a post-trial motion, which the trial court denied. UPMC praeciped for the entry of judgment in favor of Mr. Lewis, and this timely appeal followed.[3]

On appeal, UPMC raises two appellate issues for our review:

1.  Whether the trial court's verdict on [Mr. Lewis's] breach of contract claim was unsupported by the evidence or an error of law where [UPMC] did not have an obligation to provide insurance coverage for the dental procedure at issue and

---

[2] We note that due to the amount of money at issue, the case was originally heard in the arbitration division before being appealed *de novo* to the court of common pleas.

[3] The trial court found in favor of UPMC on Mr. Lewis's bad faith claim. Mr. Lewis challenged that finding in response to UPMC's post-trial motion and filed a cross-appeal. However, because he did not file a brief, this Court dismissed his cross-appeal.

[Mr. Lewis] willingly disregarded the proper procedure to request prior authorization under his medical coverage?

2. Whether the trial court's verdict on [Mr. Lewis's] promissory estoppel claim was unsupported by the evidence or an error of law where [Mr. Lewis] failed to identify a promise made by [UPMC] to [Mr. Lewis] which could have reasonably been expected to induce action or forbearance on [Mr. Lewis's] part?

UPMC's Brief at 3.

We must first determine whether these issues have been preserved for our review. "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "The applicability of waiver principles presents a question of law, over which our standard of review is *de novo* . . . [and] our scope of review is plenary." **Temple Est. of Temple v. Providence Care Ctr., LLC**, 233 A.3d 750, 760 (Pa. 2020).

In its post-trial motion, UPMC asserted generally that the trial court's non-jury decision was "**against the weight of the evidence** and a new non-jury trial should be granted." Motion for Post-Trial Relief at 2, ¶7. (emphasis added). Specifically, however, UPMC argued that plaintiff failed to present evidence to establish a breach of contract. **Id.** at 2. It claimed, "Plaintiff failed to present any evidence showing that UPMC Health Plan had an obligation to provide insurance coverage for the Chao Pinhole procedure at issue." **Id.** Additionally, it claimed that neither plaintiff nor his periodontist "ever submitted a request for prior authorization," and that "plaintiff did not show that defendant denied a claim for coverage submitted by plaintiff." **Id.** at 2-3. Similarly, UPMC contested whether plaintiff offered evidence of

promissory estoppel. It claimed, "Plaintiff failed to identify a promise made by defendant that the Chao Pinhole procedure would be covered by his medical insurance plan. And, plaintiff did not present evidence that he relied on any specific promise of [UPMC] which caused him to undergo the dental procedure." *Id.* at 4, ¶19.

Thus, although initially couched as weight claims, the specifics of UPMC's claims in the post-trial motion actually challenge the ***sufficiency*** of plaintiff's evidence, not the weight of the evidence. UPMC's conclusion in its post-trial motion supports this. There, UPMC states, "Because the evidence at the non-jury trial was ***insufficient*** to establish claims for breach of contract and promissory estoppel, a new trial is warranted." *Id.* at 6, ¶35.

Initially, we observe that a new trial is not the appropriate remedy for an insufficiency claim. ***See Krysmalski by Krysmalski v. Tarasovich***, 622 A.2d 298, 301 (Pa. Super. 1993). When a plaintiff has presented insufficient evidence in support of his or her claims, such that the verdict was against the law, the appropriate remedy is JNOV, not a new trial. ***Id.*** Despite requesting the wrong remedy, UPMC's sufficiency claims appear to be preserved in its post-trial motion.[4]

---

[4] We caution counsel to identify the proper type of error they are claiming and to request the appropriate relief in their post-trial motion. The Supreme Court of Pennsylvania has long held, "Pa.R.Civ.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." ***L.B. Foster Co. v. Lane Enters., Inc.,*** 710 A.2d 55, 55 (Pa. 1998). Additionally, an

*(Footnote Continued Next Page)*

However, our review of the record indicates that UPMC did not preserve these claims during the non-jury trial. This Court has consistently held that to preserve a challenge to the sufficiency of the evidence for appeal, appellants are required first to move either for a nonsuit or a directed verdict during the non-jury trial. *See e.g., Haan v. Wells*, 103 A.3d 60, 68 (Pa. Super. 2014), and *Youst v. Keck's Food Serv., Inc.,* 94 A.3d 1057, 1071 (Pa. Super. 2014). As we noted in *Haan*, "this approach has the salutary effect of submitting the issue to the trial judge for initial evaluation during trial, when the proofs are still fresh, and is consistent with past practice and with the current rule governing post-trial practice." 103 A.3d at 68 (citation omitted). Because UPMC did not seek a non-suit at the close of plaintiff's case or request a directed verdict at the close of all the evidence, we must conclude that its sufficiency claims are waived.

We recognize that this was an appeal from arbitration, and that these types of bench trials are often conducted on an expedited basis. Nonetheless, the rules of civil procedure apply with equal force in these proceedings, unless otherwise provided. *See* Pa.R.C.P. 1311, 1311.1.

_____

appellant must be consistent in its claims of error in post-trial motions, the Concise Statement of Errors under Rule 1925(b), and the appellate brief. Failure to properly preserve a claim will result in waiver. Pa.R.A.P. 302(a).

Additionally, we note that we often see lawyers and parties conflate sufficiency and weight-of-the-evidence claims on appeal. But they are distinct concepts. Whether the evidence was sufficient to sustain a verdict or non-jury decision is a wholly separate issue from whether the verdict or non-jury decision was against the weight of the evidence.

When challenging sufficiency, a defendant claims the plaintiff did not make a *prima facie* case as a matter of law. "A non-suit is proper if the plaintiff has failed to offer sufficient evidence to establish the necessary elements of the cause of action." *Ravin, Inc. v. First City Co.*, 692 A.2d 577, 581 (Pa. Super. 1997). Similarly, a motion for directed verdict may be granted "if the plaintiff has failed to produce sufficient evidence to meet his or her burden of proof." *Wagner v. Anzon, Inc.*, 684 A.2d 570, 573 (Pa. Super. 1996) (citation omitted). When reviewing a sufficiency claim in a civil case, an appellate court must view all the evidence and reasonable inferences therefrom in the light most favorable to the verdict winner and determine whether the evidence was sufficient to enable the factfinder to find that all the elements of the causes of action were established by a preponderance of the evidence. *Samuel-Bassett v. Kia Motors Am., Inc.,* 34 A.3d 1, 34 (Pa. 2011).

By contrast, a weight claim challenges the fact-finder's acceptance of one party's evidence over the other party's evidence. "A true weight-of-the-evidence challenge concedes that sufficient evidence exists to sustain the

verdict [or non-jury decision] but questions which evidence is to be believed."
*Commonwealth v. Lewis*, 911 A.2d 558, 566 (Pa. Super. 2006). Typically, a weight claim is filed after a jury trial in the hope that the trial court judge who, like the jury, had an opportunity to hear the evidence and observe the demeanor of the witnesses, "will conclude that the verdict was so contrary to what it heard and observed that it will deem the jury's verdict such a miscarriage of justice and trigger the court's time-honored and inherent power to take corrective action." *Criswell v. King*, 834 A.2d 505, 512 (Pa. 2003).

In asserting a weight claim, the moving party employs the discretion of the trial judge. *Samuel Bassett*, 34 A.3d at 39. "An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Id.* (citation omitted). The trial court awards a new trial "only when the jury's verdict [or non-jury decision] is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion." *Id.* Thus, the trial court's decision based on a weight-of-the-evidence claim is among "the least assailable of its rulings." *Id.* Finally, although weight claims have been considered in non-jury cases, there is a logical inconsistency in

asking a trial judge to conclude that his non-jury decision shocked his own conscience.

Here, based on our review of the documents and arguments set forth by UPMC, we believe it intended to challenge the sufficiency, not the weight, of the evidence on appeal. For reasons noted, however, this challenge was not preserved at the non-jury trial. Thus, we dismiss both of UPMC's issues as waived.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:02/23/2024